```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CORRIE ANN BEULA,                            08 CV 02767 (GBD)
                       Plaintiff,

     - against -
                                             ANSWER
MEYER MUSCHEL AND MANDA ASSOCIATES,

                       Defendants.
------------------------------------X
```

Defendants, Meyer Muschel and Manda Associates (hereinafter "Defendants"), by their attorneys, The Dweck Law Firm, LLP, as and for their answer to the complaint, respectfully allege as follows:

I. **Parties in this Complaint**:

A. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph IA of the complaint.

B. Admits that Defendants maintain an office at the office indicated in paragraph IB of the complaint.

C. Admits that Plaintiff was employed by Defendant, Manda Associates.

II. **Statement of Claim**:

A. Denies the allegations contained in paragraph IIA of the complaint.

B. Denies the allegations contained in paragraph IIB of the complaint.

C. Denies the allegations contained in paragraph IIC of the complaint.

    D.    Denies the allegations contained in paragraph IID of the complaint.

    E.    Denies the allegations contained in paragraph IIE of the complaint.

**III. <u>Exhaustion of Federal Administrative Remedies</u>:**

    A.    Denies each and every allegation contained in paragraph IIIA of the complaint except admits that a complaint was filed with the United States Equal Employment Opportunity Commission in or about November 2007.

    B.    Defendants admit that the United States Equal Employment Opportunity Commission issued a right to sue letter. Defendants lack knowledge or information sufficient to form a belief as to the date upon which Plaintiff received said notice of right to sue letter.

    C.    Inasmuch as no claims of age discrimination have been filed, no response to this paragraph is necessary.

**IV. <u>Relief</u>:**

    A.    Denies the allegations contained in paragraph IV of the complaint.

Please take notice that all allegations above not specifically admitted are hereby denied. It is denied that Plaintiff is entitled to any relief.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim or cause of action upon which this Court can grant relief.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's own culpability caused her damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

3. Upon information and belief, Plaintiff has failed to mitigate her damages.

**FOURTH AFFIRMATIVE DEFENSE**

4. The Complaint fails, in whole or in part, to state claim upon which relief may be granted against Defendant, Meyer Muschel, in his individual capacity.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Complaint fails to allege sufficient facts that would support a claim for discrimination under any theory alleged and therefore the Complaint should be dismissed as to all Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff voluntarily terminated her employment with Defendant, Manda Associates, and therefore may not assert any claim against said Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff has failed to state a cause of action upon which relief may be granted in that Plaintiff has failed to allege any facts that would establish that any adverse employment action

was taken against her and to the extent that Plaintiff could establish any adverse employment action taken against her Plaintiff has failed to allege any facts that would establish a causal condition between adverse action against her and any unlawful conduct under the statutes that form the basis for her claims.

### EIGHTH AFFIRMATIVE DEFENSE

8. To the extent any adverse actions were taken against Plaintiff by one or more of the Defendants, such actions were based upon legitimate, non-discriminatory reasons and not based upon any issue related to gender/sex, sexual harassment or in retaliation for any alleged opposition by her to any alleged discriminatory practice or conduct.

### NINTH AFFIRMATIVE DEFENSE

9. To the extent that Plaintiff does or may seek an award of punitive damages, Plaintiff has not alleged any facts that would entitle her an award of punitive damages and therefore she is not entitled to them.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants would have taken the same actions with respect to Plaintiff whether or not the actions alleged in Plaintiff's Complaint had or had not occurred.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.  The Complaint is multifarious in that it impermissibly combines in one count, claims for gender discrimination, sexual harassment and retaliation.

**TWELFTH AFFIRMATIVE DEFENSE**

12.  Plaintiff's claims are time barred, in whole or in part.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.  There is no subject matter jurisdiction over Defendants, because Defendants do not have a sufficient number of employees to establish jurisdiction over the entity pursuant to any federal statutes that form the basis for the claims in this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.  The costs incurred, or paid by the Plaintiff, if any, for medical care, psychological care, rehabilitation services, loss of earnings or other economic loss, in the past or future, were, or will be with reasonable certainty, replaced or indemnified in whole or in part from a collateral source and the Defendants are entitled to have any award reduced in the amount of such payments.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.  Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with and/or satisfy all of the procedural prerequisites for bringing and maintaining this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants did not proximately cause any of the damages alleged by the Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants will rely upon any and all further defenses that become available to them or appear during discovery or pretrial proceedings in this action, based upon any facts they learn during discovery and hereby specifically reserve the right to amend their answer for the purpose of asserting any additional defenses.

WHEREFORE, Defendants respectfully request judgment against Plaintiff, with respect to the claims asserted herein, dismissing the complaint in the above action, together with costs, disbursements, attorneys' fees, and any other relief as to this Court may deem just and proper.

Dated:   New York, New York
         July 31, 2008

                                    THE DWECK LAW FIRM, LLP
                                    Attorneys for Defendants

                            By:     _____
                                    H.P. Sean Dweck
                                    75 Rockefeller Plaza, 16th Floor
                                    New York, New York 10019
                                    (212) 687-8200

TO:  Jonathan M. Landsman, Esq.
     60 East 42nd Street, Suite 501
     New York, New York 10165-0501
     (212) 949-6100

S:\Secretary 2\Client Docs\338-Manda\Answer 07-31-08.wpd